IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHARLANDO PICKETT, #178 456, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-898-WKW |
| ) | [WO] |
| RON COOPER, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Draper Correctional Facility, filed this complaint on August 26, 2014. Subsequently, and prior to service of the complaint, Plaintiff filed a motion to dismiss. *Doc. No. 5*.

Under Fed. R. Civ. P. 41(a)(1)(A), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared in the action." "Ordinarily, a Rule 41(a)(1)(A) voluntary dismissal is effective immediately and requires no action by the district court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Because a voluntary dismissal is self-executing, it may precede any analysis of subject-matter jurisdiction and moots all pending motions. *Id*.

A plaintiff may properly effect a Rule 41(a)(1)(A) dismissal by filing a "notice of dismissal." Fed.R.Civ.P. 41(a)(1)(A)(i). Although Plaintiff designates his filing as a

"motion" to dismiss, the court notes that no answer or motion for summary judgment has been filed by Defendant and Plaintiff may dismiss his action as a matter of right. The court, therefore, will construe the "motion" to dismiss as a "notice" of dismissal within the meaning of Fed. R. Civ. P. 41(a)(1)(A)(i). *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (citation omitted) ( "[t]he fact that a notice of dismissal is styled "motion to dismiss" rather than "notice of dismissal" is without consequence.").

In light of the foregoing, the court concludes this case is due to be dismissed without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i).

Accordingly, it is

ORDERED that Plaintiff's motion to dismiss (*Doc. No. 5*) is considered a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i). *See Doc. No. 5*.

It is further

ORDERED that on or before **November 17, 2014**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the

District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of November, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE